# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE W. LUSTER, JR.,

    *Petitioner*,

vs.

DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents*.

2:04-cv-00334-RLH-RJJ

ORDER

    This Court's April 20, 2011, order could not have been more clear or emphatic: (a) "that, within twenty (20) days of entry of this order, counsel shall file a notice confirming that counsel has provided petitioner with a copy of this order . . .;" and (b) "that petitioner shall not file any papers *pro se*, and he shall not communicate otherwise with the Court except through counsel."

    Counsel has not complied with the Court's order by filing the required notice. Petitioner further has directly violated the order by filing a *pro se* submission. He acknowledges receipt of the order, seeks to explain his prior *pro se* filing, and indicates that "I'll call you soon to further discuss the matter." The words "shall not file" and "shall not communicate" mean what they say. If petitioner has explanations, apologies, or other communications to present to the Court, he must present them through counsel.

    The Court advised petitioner in the prior order as follows: "Any further violations of the Court's orders in [this] regard may lead to the imposition of sanctions, including dismissal of the petition." Petitioner previously has been advised in this case that he must communicate

with the Court only through counsel, yet he continues to communicate with the Court *pro se*. The Court has few effective sanctions in this matter short of dismissal to secure compliance with its orders following upon repeated refusals to comply, as it appears that petitioner is without funds and is incarcerated under sentences of life without the benefit of parole. If petitioner continues to seek to communicate with the Court *pro se*, he will be directed to show cause forthwith – through counsel – why the petition should not be dismissed for his failure to comply with the repeated orders of this Court.

Given the representations by petitioner in #98, counsel should note that the orders of appointment of counsel in this case extend to all further proceedings, unless and until counsel expressly is allowed to withdraw. See ## 32 & 86. Clearly, an appointment does not terminate upon entry of a stay.

Further disregard of the Court's orders – by counsel and/or by petitioner – will lead to harsher action being taken.

IT THEREFORE IS ORDERED that, within **three (3) judicial days** of entry of this order, petitioner's counsel either shall file the notice directed by the Court's prior order (#97) or shall show cause why sanctions should not be imposed upon counsel for the failure to comply with the Court's order.

IT FURTHER IS ORDERED that, within **ten (10) days** of entry of this order, petitioner's counsel additionally shall file a notice that counsel has provided petitioner with a copy of this order.

IT FURTHER IS ORDERED that #98 is STRICKEN and, once again, **that petitioner shall not communicate with the Court other than through counsel.**

DATED: May 13, 2011.

_____
ROGER L. HUNT
Chief United States District Judge

-2-