# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE W. LUSTER, JR.,<br><br>*Petitioner*,<br><br>vs.<br><br>DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>*Respondents*. | 2:04-cv-00334-RLH-RJJ<br><br>ORDER |

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of multiple partial pleadings filed by petitioner, along with two prior motions (## 105 & 107) for extension of time and a motion (#116) for a status conference.

The Court acknowledges counsel's extensive work on the amended pleadings and her diligence in seeking to bring the submitted matter to the Court's attention. However, the piecemeal pleadings are not presented in a manner consistent with the local rules of and federal habeas practice in this Court. Counsel's efforts to alert the Court of the pending submission also were not undertaken in the manner provided for in the Court's local rules. While the Court, again, acknowledges counsel's extensive work and diligence, counsel nonetheless must proceed in a manner consistent with local rules and practice.

***Screening***

On August 22, 2011, the Court granted petitioner's motion to reopen the matter and his motion for an extension of time to file an amended petition. The Court granted an extension of time to file "an" amended petition. #104.

Petitioner thereafter presented a pleading styled as a "Fourth Amended Petition" (#106). The fourth amended petition – although 55 pages long – presented only one ground, a *Kazalyn* jury instruction error claim[1] identified as Ground 4. The pleading expressly disclaimed an intent to then present all of petitioner's grounds:

> The Petitioner respectfully reserves his right to pursue all remedies pursuant to Grounds 1AA, 1A and 1B of his ***original*** petition, and Ground 1, 1A-E, Ground 2, 2 A-C, Ground 3 and Ground 4(b) in his ***Third Amended Petition***. None of these Grounds and the remedies sought thereunder are abandoned, but will be addressed in ***an additional, supplemental Petition*** for which counsel for Luster will be seeking additional time concurrent with the filing of ***this*** Petition, which is intended to ***preliminarily*** address Luster's challenge to the *Kazalyn* instruction.

#106, at 18 n.5 (bold italic emphasis added).

An accompanying motion (#107) for extension represented, *inter alia*: (a) counsel's belief that a September 2009 order required that Ground 2(b) then must be raised in a separate pleading, apparently without regard to the specific circumstances in which that order was issued; and (b) counsel's apparent belated either understanding or misunderstanding regarding the Court's requirements vis-à-vis filing amended pleadings.[2]

Thereafter, petitioner filed a pleading styled as a "Supplement to Fourth Amended Petition" (#115). This pleading also was not a stand-alone pleading.

First, the pleading did not include the Ground 4 from the prior pleading but instead sought to "supplement" that pleading.

Second, as to the claims to which it did refer, the pleading sought to incorporate by reference wholesale the allegations from the prior Third Amended Petition, but subject to petitioner's ability to file a yet further "supplemental response" and/or provide supplementation in an evidentiary hearing depending upon respondents' answer.

---

[1] *See Polk v. Sandoval*, 503 F.3d 903, 909-11 (9th Cir. 2007); *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992).

[2] It is not clear to the Court exactly what counsel either understood or misunderstood given that the pleadings filed thereafter still have not been presented properly under local rules and practice.

Third, because the Court had deferred consideration of the potential procedural default of two independent substantive claims until it considered parallel claims of ineffective assistance of counsel on a full record, petitioner similarly deferred further "argument" on the claims "pending the information to be provided by the State pursuant to this Court's order."

Further in said filing, petitioner discusses certain grounds that then are dismissed, which was not necessary, as petitioner just needs to allege claims that are being pursued.

To recap, counsel seeks to present petitioner's claims in this case in multiple different filings (## 74, 106 & 115) rather than in one pleading, with sundry contingencies perhaps leading to further supplements at some indefinite point or points in the future.

The Court, again, acknowledges counsel's efforts. However, the purported pleadings filed by counsel are deficient in multiple substantial respects. The record as presented is in no condition for the Court to direct a response from respondents.

*First*, and foremost, under Local Rule LR 15-1, an amended pleading in this Court is a stand-alone pleading that must be "complete in itself without reference to the superseding pleading." That means that ***all*** claims must be included in the ***one*** pleading. That means that any claims omitted from the last pleading submitted no longer are before the Court. That means that the pleader ***may not incorporate*** prior pleadings by reference in the current pleading. That means that the only allegations before the Court are the allegations contained within the four corners of the last pleading filed. In short, an amended petition in a habeas action in this Court is not a supplemental filing, and it is not a brief or memorandum. When the Court directs a petitioner in a habeas matter to file an amended petition, the Court is directing the petitioner to file a stand-alone single *pleading* setting forth the operative factual *allegations* stating petitioner's *claims* ***in that pleading***.

The one exception that this Court made to that local rule in this case expressly cited to the general rule that otherwise applied under LR 15-1. #91, at 10. The Court did so in an effort to avoid any possible further delay while petitioner quarreled with counsel over the content of pleadings. Nothing in the Court's exceptional proviso as to Ground 2(b) remotely remains a concern at this point, however, because petitioner is stating that he is not even

pursuing Ground 2(b) anymore. Nothing in the Court's one-time order regarding a possible repleading of former Ground 2(b) in any sense authorizes the current scattered, piecemeal, and contingent presentation of petitioner's claims.

Nor does the fact that the Court deferred a procedural default ruling on the independent substantive claims in Grounds 2(a) and 3 until it had a full record upon which to adjudicate the parallel ineffective-assistance claim create any contingency allowing for a deferral of pleading by petitioner. See #91, at 5-9. Counsel is filing a superseding *pleading* setting forth petitioner's claims without incorporation within the four corners of the superseding pleading. Fundamentally, if petitioner does not plead a claim in the superseding pleading, there neither is a claim to which to assert a defense nor either a claim or a defense upon which to rule. The Court did not have sufficient state court materials then before it upon which to address the parallel prejudice issue from the ineffective-assistance claims, but petitioner's counsel has full access to the state court record in preparing a pleading. There are no undisclosed facts solely in the State's possession that will be revealed later that will provide a basis for pleading Grounds 2(a) and 3. Petitioner's counsel instead must plead the petitioner's claims in a stand-alone comprehensive pleading.

*Second*, in this same vein, in a *federal* habeas matter, appointed counsel is being directed to file an amended *pleading*, not an in effect supplemental memorandum-type document supplementing the petitioner's prior allegations with legal argument. The Court understands that *state* post-conviction counsel generally file such a paper – essentially a supplemental legal memorandum supporting the petitioner's *pro se* state petition – when appointed by the *state* courts. A misconception that counsel is being appointed to perform essentially the same identical function here in *federal* court perhaps underlies what counsel did in this case. Counsel filed an essentially 55-page brief supporting Ground 4 in #106. Counsel then filed another supplemental-type paper in #115 that incorporated, referred back to, and/or commented upon the last otherwise complete pleading filed by petitioner.

Under Rule 2 of the Rules Governing Section 2254 Cases, a habeas petition or amended petition must set forth all grounds for relief and must specifically allege the operative

facts supporting each such ground. The amended petition is a *pleading*, not a supplemental and complementary filing in the nature of a legal memorandum. If petitioner fails to specifically allege his claims in the superseding pleading, then the claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See,e.g., Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 62 L.Ed.2d 582 (2005).

Counsel is not in state court in *this* proceeding. Counsel needs to file a stand-alone pleading, not a series of essentially legal memoranda complementing prior filings. Under federal habeas practice, the petitioner files a petition or amended petition that actually fully sets forth the petitioner's claims within the pleading and the action then is adjudicated based on those claims and allegations. *If* that pleading states a claim, then the Court orders a response if it does not *sua sponte* first raise timeliness or other issues. There is no contingent open-ended future time where petitioner possibly expands on his claims, perhaps at an evidentiary hearing. Petitioner may seek leave to amend as per Rule 15 of the Federal Rules of Civil Procedure. Otherwise, any claims or allegations that are not included in the single, stand-alone petition, as amended, simply are not part of the litigation. The Court and the respondents need to be able to review the claims and allegations *in the petition* to see if the claims, *inter alia*, state a claim, are exhausted, are timely, are not procedurally defaulted, have potential merit, and/or satisfy the extremely narrow circumstances in which a federal evidentiary hearing is available in the first instance.

In this regard, and with particular regard to current Ground 4, extensive legal argument is presented by a petitioner in federal court in the reply, not in the petition. *Cf.* Habeas Rule 5(e). The petition presents the operative factual allegations and the legal theories supporting the petitioner's claims. Extensive legal argument on the merits instead is presented in the reply -- subject to petitioner not being able to *de facto* unilaterally amend the petition after an answer has been filed by expanding the operative factual allegations relied upon. The Court is certain that a claim of *Kazalyn* instructional error does not require 55 pages to allege, even if, *arguendo*, it takes that much length to argue. The Court will not direct a response to an unnecessarily prolix claim in a pleading.

*Third*, the purported fourth amended petition (#106) is not verified as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases [the "Habeas Rules"]. The filing is not verified by anyone. It is subject to question whether petitioner's counsel in any event could constitute "someone acting on his behalf" under 28 U.S.C. § 2242 for this purpose. This provision generally refers to a person filing a petition as a next friend for a petitioner who is unable to himself access the courts. In all events, the practice in this Court is for the petitioner himself to verify the petition. This practice has the practical utility of ensuring that the petitioner has been advised of and approves of the pleading filed, although it does not necessarily follow that federal habeas counsel is any more bound than direct appeal counsel to follow the petitioner's directives in this regard. In any event, in cases where this verification procedure is not followed or is overlooked, the Court often can get deep into the case only to find that the petitioner is at odds with his attorney over the claims or the presentation of the claims. Counsel may find it of benefit to obtain a form for the verification typically used for this purpose by the Federal Public Defender.

The Court will allow counsel an opportunity to present a proper superseding pleading that complies with the local rules and practice in federal court. Counsel may find it of benefit to review amended petitions and replies as filed by the Federal Public Defender in federal habeas cases, including possibly from a case with a *Kazalyn* issue. Without regard to what the Court may have allowed as to past practice, the Court is seeking to bring the practice of all panel attorneys fully in line with what federal practice in truth requires. Over and above what the rules require, it is essential that the record be presented as described herein because the Court conducts a substantial and meaningful screening following the filing of the counseled amended petition. The present disjointed and contingent amalgam of quasi-pleadings is not postured either for meaningful screening or for a response from respondents. If the requirements that the Court has outlined herein represent a "change" in "past procedure" or perceived past procedure for counsel, as a panel attorney in another case remarked, the Court only can state, as Judge Reed stated in that case, that change comes to all things. *Cf. McCaskill v. Budge*, No. 3:08-cv-00687-ECR-WGC, #53.

***Remaining Matters***

Local Rule LR 7-6 both prohibits *ex parte* communications and specifies the proper procedure for counsel to contact the Court with regard to a matter that has remained under submission without issuance of an order. Local Rule LR 7-6(b) provides, *inter alia*, that "[a]ny unrepresented party or counsel may send a letter to the Court at the expiration of sixty (60) days after any matter has been, or should have been, fully briefed if the Court has not entered its written ruling."

The Court has been advised that petitioner's counsel called the staff attorney assigned to this case on March 12, 2012, and left a voice mail message with regard to the matter having been under submission without action. While counsel perhaps learned of the identity and phone number of the staff attorney from chambers or clerk's office staff, the information was provided to counsel in error. The staff attorneys' numbers are non-public, and the Court ordinarily does not want its staff attorneys speaking *ex parte* with counsel. If the Court wishes for a staff attorney to speak to counsel, such as on a scheduling matter, the Court either will direct the staff attorney to contact counsel or will issue an order – such as a prehearing procedures order – including a provision for such a communication. Otherwise, Local Rule LR 7-6 applies in full force. Counsel shall not initiate an *ex parte* communication with a staff attorney and instead shall use the Local Rule LR 7-6(b) procedure with regard to status checks on pending matters.

Counsel thereafter filed a motion (#116) for a status conference also essentially seeking a status check on the pending submissions. Local Rule LR 7-6(b), again, provides the procedure to follow in this situation. Counsel is in federal court, *this* federal court, and counsel needs to follow the local rules of this Court.

With regard to the atypical delay on these submissions, the Court strives to reach all submissions as promptly as possible. However, while the Court has a measure of control over the setting of deadlines, the Court ultimately also faces somewhat similar constraints as do counsel in applying limited time and resources to a docket that regularly strains such resources. In this particular case, when the Court is presented with multiple substantially

deficient filings such as in this case, it takes time to sort through the situation created and craft an appropriate one-off order. Sufficient time has to be carved out from other docket demands to reach this particular matter among others, sort through the situation presented, and prepare the order. The Court in all events, however, seeks to make a delay such as is involved here the extraordinary exception rather than the rule.

Counsel should note the following with regard to filings on the electronic docketing system. An e-mail notice of electronic filing of all unsealed filings goes not only to the counsel in the case but also to chambers, to the staff attorney, and to a number of other court and clerk's office staff. Thereafter, chambers staff, the staff attorney, and numerous other staff routinely run and maintain reports on pending submissions. An electronic filing thus is not a figurative "tree that falls in the forest" but instead is an event of which multiple personnel receive nearly immediate notice and then track thereafter.

It of course is not impossible for a submission to "slip through the cracks," but it is far less likely than it was prior to CM/ECF. It is far more likely in the event of delay that the Court simply has not been able to reach and then resolve the matter sooner. In all events, if counsel wishes to make sure that a submission has not slipped through the cracks, the procedure for counsel to follow is that set forth in Local Rule LR 7-6(b). If counsel follows that procedure, counsel can proceed with confidence that the LR 7-6(b) filing will show up in multiple e-mail in-boxes in the Court – including in chambers – substantially simultaneously. Appropriate internal inquiries then will be made with regard to the submission. There is no need for *ex parte* calls, which in any event are barred by the local rule, nor is there any need to clutter an already-cluttered record with further submissions such as a motion for a status conference. Counsel, again, just needs to follow the rules and practice of this Court.

IT THEREFORE IS ORDERED that petitioner's motions (## 105 & 107) for extension of time are GRANTED IN PART and DENIED IN PART, with the relief requested therein being granted only to the extent consistent with the remaining provisions in this order.

IT FURTHER IS ORDERED that petitioner's motion (#116) for a status conference is DENIED as unnecessary.

IT FURTHER IS ORDERED that, within **(30) days** of entry of this order, petitioner shall file a superseding, stand-alone amended petition that is properly verified, that sets forth all of petitioner's claims and allegations that still are being pursued without incorporation of prior pleadings, that is sufficiently specific but not unnecessarily prolix with regard to stating a claim upon which relief may be granted, and that otherwise corrects all deficiencies identified in this order. The only claims and allegations remaining before the Court will be the claims and allegations in the amended petition filed in response to this order.[3]

The Court will screen any amended petition filed, as promptly as its docket allows, prior to ordering further action in the case.

DATED: April 5, 2012.

ROGER L. HUNT
United States District Judge

[3]If petitioner wishes to maintain prior numbering with respect to the grounds presented but wishes to omit prior grounds that otherwise would fall within the sequence (*e.g.,* omitting a Ground 7 between a Ground 6 and 8 or a Ground 5(b) between a Ground 5(a) and 5(c)), petitioner simply shall note that the intervening ground has been omitted, abandoned, dismissed, or intentionally left blank. If a claim is being omitted and no longer pursued, the Court does not need to see any further discussion of the claim, including what it alleged or its procedural history, *other than that it is omitted*.