# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE W. LUSTER, JR.,

    *Petitioner*,

vs.

DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, *et al.,*

    *Respondents*.

2:04-cv-00334-RLH-NJK

ORDER

This matter comes before the Court for initial review of petitioner's sixth amended petition (#123).

Petitioner's counsel recently filed a motion to withdraw due to health reasons. Petitioner, through counsel, thereafter filed a petition for a writ of mandamus in the Court of Appeals. Petitioner did not file any counseled motion for relief in the district court – other than the motion to withdraw as counsel – prior to seeking mandamus relief in the Court of Appeals. Petitioner has instructed counsel to seek a writ of mandamus for immediate screening of the matter on the current pleadings notwithstanding the pending motion for withdrawal of counsel. He thus has elected to proceed forward on the current pleadings notwithstanding the time that it would take for replacement counsel, if any, to get up to speed in the case. The case thus will proceed forward – at this point and hereafter – on the current pleadings without regard to any changes hereafter in counsel, if replacement counsel is appointed.

IT THEREFORE IS ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to respond, including potentially by motion to dismiss, to the petition,

as amended.  **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4**.

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71.  The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments.  Counsel shall not file exhibits in a manner that requires this Court or a reviewing court to go "fishing" through multiple unmarked attachments to find specific exhibits.

1     IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all
2 exhibits filed to, for this case, the **Las Vegas Clerk's Office**.
3     IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of
4 the answer, motion to dismiss, or other response to file a reply or opposition.
5     DATED: March 25, 2013.

                                                         _____
                                                         ROGER L. HUNT
                                                         United States District Judge