1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

8    GEORGE W. LUSTER, JR.,

9         *Petitioner*,                              2:04-cv-00334-RLH-NJK

10   vs.
                                                    ORDER
11

12   DIRECTOR, NEVADA DEPARTMENT
     OF CORRECTIONS, *et al.,*

13        *Respondents*.

14

15          This habeas matter comes before the Court on petitioner's counsel's motion (#133) to

16   withdraw as counsel and on petitioner's motion (#137) to stay consideration of the motion to

17   withdraw.

18          The Court will grant the motion to stay consideration to withdraw to the extent that the

19   Court will deny the motion to withdraw without prejudice.  Counsel can file a new motion to

20   withdraw if and as the circumstances warrant.[1]

21          The Court takes this action with one major caveat.  The Court, repeatedly, has stated

22   in this case that petitioner may communicate with the Court only through counsel.  For

23   example, in a May 16, 2011, order, the Court stated:

24

25                    This Court's April 20, 2011, order could not have been
             more clear or emphatic: . . . .  "that petitioner shall not file any
26           papers *pro se*, and he shall not communicate otherwise with the
             Court except through counsel."

27

28
     _____

          [1]Counsel needs to select a proper description on CM/ECF when she files a motion.  The description
     selected by counsel has no correlation to the actual motion.  Misleading docket descriptions will not suffice.

1

2

3

4
       . . . . Petitioner further has directly violated the order by filing a *pro se* submission.  He acknowledges receipt of the order, seeks to explain his prior *pro se* filing, and indicates that "I'll call you soon to further discuss the matter."  The words "shall not file" and "shall not communicate" mean what they say.   If petitioner has explanations, apologies, or other communications to present to the Court, he must present them through counsel.

5

6

7

8

9

10

11

12
       The Court advised petitioner in the prior order as follows: "Any further violations of the Court's orders in [this] regard may lead to the imposition of sanctions, including dismissal of the petition."  Petitioner previously has been advised in this case that he must communicate with the Court only through counsel, yet he continues to communicate with the Court *pro se.*   The Court has few effective sanctions in this matter short of dismissal to secure compliance with its orders following upon repeated refusals to comply, as it appears that petitioner is without funds and is incarcerated under sentences of life without the benefit of parole.  If petitioner continues to seek to communicate with the Court *pro se*, he will be directed to show cause forthwith – through counsel – why the petition should not be dismissed for his failure to comply with the repeated orders of this Court.

13
     . . . . .

14
       Further disregard of the Court's orders – by counsel and/or by petitioner – will lead to harsher action being taken.

15
     . . . . .

16

17

18
       IT FURTHER IS ORDERED that, within **ten (10) days** of entry of this order, petitioner's counsel additionally shall file a notice that counsel has provided petitioner with a copy of this order.

19

20
       IT FURTHER IS ORDERED that #98 is STRICKEN and, once again, **that petitioner shall not communicate with the Court other than through counsel**.

21
#99, at 1-2 (emphasis in original).

22
    That would seem to be a clear order.

23
    Petitioner nonetheless has submitted multiple *pro se* communications (## 129, 130,

24
132 & 136) to the Court since the time of the last, seemingly clear, order.

25
    The Court's delay in screening the last amended pleading after counsel presented a

26
prior pleading with numerous deficiencies does not provide any reason or justification

27
whatsoever for these *pro se* filings.  Any request for expedited or other relief in the district

28
court must be presented by counsel and not petitioner *pro se.*  Counsel has demonstrated

that she has the ability to file court papers seeking expedited relief, albeit not in a filing first in this Court.  Nor is there any occasion for petitioner to file *pro se* copies of letters sent to counsel requesting that she take certain action.  Further, petitioner may not request status updates or copies of documents  from the Court or the Clerk; he must make those requests to his counsel.  In short, as this Court thought that it had repeatedly made clear in this action: "**petitioner shall not communicate with the Court other than through counsel**."

Petitioner has run out of warnings.

If following notification of this order, petitioner presents the Court with any further *pro se* papers – other than a response to a then-pending motion to withdraw counsel – petitioner thereafter will be directed to show cause through counsel why the matter should not be dismissed for failure to comply with the repeated orders of the Court.  Unless and until such time as petitioner is copied with an order from this Court granting a motion to withdraw as counsel without appointment of replacement counsel, petitioner shall make **all** status inquiries to counsel, not the Court, including as to the status of a motion to withdraw.  Delay in the Court reaching a submission, again, does not provide cause for petitioner to communicate with the Court *pro se* rather than through counsel.

IT THEREFORE IS ORDERED that petitioner's motion (#137) to stay consideration of the motion (#133) to withdraw is GRANTED IN PART and DENIED IN PART, to the extent that petitioner's counsel's motion (#133) to withdraw as counsel is DENIED without prejudice.

IT FURTHER IS ORDERED that, within **ten (10) days** of entry of this order, petitioner's counsel additionally shall file a notice that counsel has provided petitioner with a copy of this order.

DATED: April 3, 2013.

ROGER L. HUNT
United States District Judge

-3-