UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GEORGE W. LUSTER, JR.,

 *Petitioner*,

vs.

DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

 *Respondents.*

2:04-cv-00334-RLH-NJK

ORDER

  This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#141) to dismiss.

### *Background*

  Petitioner George Luster seeks to set aside his 1998 Nevada state court conviction, pursuant to a jury verdict, of first degree murder with the use of a deadly weapon, discharging a firearm at or into a structure, burglary while in possession of a firearm, conspiracy to commit first degree kidnapping, first degree kidnapping with the use of a deadly weapon, extortion with the use of a deadly weapon, two counts of coercion with the use of a deadly weapon, robbery with the use of a deadly weapon, and child endangerment.

  In the motion to dismiss, respondents contend that: (1) the petition is a mixed petition subject to, *inter alia*, possible dismissal because Ground 1(d) of the sixth amended petition (#123) is not exhausted; and (3) amended Grounds 2, 3 and 4 are procedurally defaulted.

  / / / /

### *Discussion*

**Exhaustion of Amended Ground 1(d)**

Respondents contend that amended Ground 1(d) is unexhausted because petitioner presents a claim that fundamentally alters the claim exhausted in the state courts. Respondents contend that petitioner exhausted a claim alleging that trial counsel was ineffective for failing to challenge the failure to preserve a note by the kidnapper. They contend that petitioner now is pursuing a different and unexhausted claim instead that trial counsel was ineffective for failing to object to officers' testimony regarding the note on the basis of hearsay.

Amended Ground 1(d) does not allege a claim – in this Court – that trial counsel was ineffective for failing to object to officers' testimony regarding the note on the basis of hearsay. Petitioner alleges in pertinent part in the pleading on file:

> c. Notwithstanding that the testimony about the note was inadmissible hearsay (and even hearsay within hearsay prescribed by NRS 51.066), Counsel for Luster failed *to address the State's failure to preserve and produce the "kidnap" note, which would have provided an opportunity to have a handwriting analysis performed to establish the handwriting was not Luster's, and would have established that the number provided in the note did not belong to Luster.*
>
> d. Luster was substantially prejudiced by trial counsel's failure *to address the State's failure to preserve the alleged "kidnap" note that had exculpatory evidentiary value.*

#123, at 23 (emphasis added).

Federal habeas pleading is not notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005). *Inter alia*, under Rule 2(c)(1) of the Rules Governing Section 2254 Cases, the petitioner must "specify all the grounds for relief available to the petitioner."

In amended Ground 1(d), petitioner has specified no ground for relief based upon an alleged failure by trial counsel to object to officers' testimony regarding the note on the basis of hearsay. Petitioner specifies that counsel was ineffective instead based upon his alleged deficient performance in failing "to address the State's failure to preserve and produce the 'kidnap' note." Petitioner specifies that he sustained prejudice because the note, if preserved,

"would have provided an opportunity to have a handwriting analysis performed to establish the handwriting was not Luster's, and would have established that the number provided in the note did not belong to Luster." Plaintiff alleges neither deficient performance nor resulting prejudice from a failure to object to the testimony regarding the note as hearsay. Petitioner therefore has specified no ground for relief under Rule 2(c)(1) based upon an alleged failure by trial counsel to object to officers' testimony regarding the note on the basis of hearsay. Merely noting that testimony constituted hearsay states no claim for relief under *Strickland*.

Respondents have not established otherwise that the claim actually alleged in amended Ground 1 is not exhausted.[1]

### *Procedural Default of Grounds 2 and 3*

In amended Ground 2, petitioner alleges that the State allegedly knowingly elicited false testimony from detectives that they recognized specific items in Luster's home that another detective's report stated the victim had said were in the kidnapper's apartment, despite there having been no report with such statements. In amended Ground 3, petitioner

---

[1] Petitioner urges in his opposition that a broad claim including a claim based upon failure to object to the testimony on the basis of hearsay is before the Court. He asserts that the claim is one broadly based upon an alleged failure "to properly address the kidnap note." #145, at 3. That is not what petitioner alleged in the counseled amended petition. Amended Ground 1(a), again, alleges ineffective assistance of counsel based upon counsel's failure "to address *the State's failure to preserve and produce* the 'kidnap' note." Federal habeas pleading, also again, is not notice pleading. Petitioner, with the assistance of counsel, has had – ample – opportunity by this late juncture in the case to specifically plead his claims from among all of the myriad claims articulated in the prior state and federal proceedings. It is way too late in the day in this case to be inferring indirectly the presence of claims that were pled specifically in prior state and/or federal pleadings but which were not carried forward and alleged with specificity in petitioner's last counseled amended petition. There is no claim before this Court that petitioner was denied effective assistance of trial counsel because counsel failed to object to the kidnap note as hearsay.

The pleadings are closed. They are not likely to be reopened at this point for the specification of further constitutional claims, particularly given petitioner's clear reflection of his desire that the case proceed to a resolution without further delay. If petitioner, through counsel, has not specifically alleged a particular federal constitutional claim in the sixth amended petition, it is not before the Court. Petitioner may not expand the claims "through the back door" in subsequent filings – such as an opposition memorandum or a reply to an answer – presenting claims that are not specifically alleged in the sixth amended petition. *E.g., Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994)(the federal reply may not be used to amend the petition). In this regard, note 5 in the sixth amended petition does not leave the door open to expand the basis for claims.

To reiterate, there is no claim before this Court that petitioner was denied effective assistance of trial counsel because counsel failed to object to the kidnap note as hearsay.

alleges that he was denied rights to due process and equal protection when the state trial court admitted into evidence a 9 mm handgun that allegedly had no relevance to the case.

Respondents sought the dismissal of similar grounds in a prior amended petition on the basis of procedural default. Petitioner responded that there was cause and prejudice to overcome the procedural default of the claims because they were not raised on direct appeal due to ineffective assistance of appellate counsel. Petitioner apparently exhausted independent claims of such ineffective assistance of appellate counsel in the state courts.

The Court concluded at that time:

> This Court has not been presented at this juncture with adequate state court record materials and argument upon which to address any such claim of ineffective assistance of appellate counsel as constituting cause and prejudice excusing the procedural default. The Court accordingly defers a final resolution of the procedural default defense as to [the two grounds] until respondents file an answer along with adequate state court record materials to resolve the issue.

#91, at 7 & 8; see also *id.*, at 13, lines 4-6.

In the present motion to dismiss, respondents sought dismissal of the same claims based upon the same procedural default. Respondents did not address petitioner's clearly previously invoked reliance upon ineffective assistance of appellate counsel as establishing cause and prejudice overcoming the default. In his opposition, petitioner referred back to the Court's prior determination as to the manner in which the procedural default defense was to be resolved as to the claims.

In the reply, respondents assert that "Luster's citation to an earlier proceeding avails him no harbor, as the procedural posture of the case has not remained static." #146, at 2. Respondents urge that petitioner has waived his opportunity to respond under the burden-shifting allocation established under Ninth Circuit case law.

There is no difference in substance in the procedural posture presented now and the posture presented previously. Given that the issue that expressly was deferred previously on the same affirmative defense also is not adequately postured for decision on the current motion, it will have to be addressed after an answer, for the same reasons stated previously.

***Procedural Default of Ground 4***

In amended Ground 4, petitioner alleges that he was denied unspecified constitutional rights because the *Kazalyn* jury instruction[2] used at his trial did not adequately distinguish between the elements of wilfulness, deliberation and premeditation on a charge of first-degree murder.

When petitioner raised this claim in a March 6, 2009, state post-conviction petition, the state courts rejected the claim because the petition was both untimely and successive.[3]

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause, the petitioner must establish that some objective factor external to the defense or petitioner impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986)*; Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To demonstrate prejudice, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494.

Petitioner contends that he has cause for the procedural default of the claim because the factual or legal basis of the claim was not reasonably available to him in prior state proceedings. He contends in particular that the state supreme court's December 31, 2008,

---

[2] *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992).

[3] See #101, Ex. 2, (at blue-tint-numbered electronic docketing pages 12-15).

1 decision in *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008), "create[d] for Luster
2 clarification on certain deadlines in his case, and to his favor." #145, at 6. He urges that "[i]t
3 was not until *Nika* was decided on December 31, 2008, that there was clarity as to how,
4 according to the Nevada Supreme Court, [the 2000 state supreme court decision in] *Byford*
5 was to have been applied." *Id.*, at 7.

6       A federal habeas petitioner can establish cause, as Luster suggests, if the factual or
7 legal basis for a claim was not reasonably available previously. *Murray*, 477 U.S. at 488.
8 However, as evidenced by the case cited by the Supreme Court in *Murray* for this rule, the
9 situation to which the rule refers is one "where a constitutional claim is so novel that its legal
10 basis is not reasonably available." *Reed v. Ross*, 468 U.S. 1, 17 (1984). In this regard, the
11 question is not whether subsequent legal developments have made the litigant's task easier,
12 but whether at the time of the default the claim was reasonably available at all. *See Smith*
13 *v. Murray*, 477 U.S. 527, 537 (1986). Absent a wholly novel claim, the generally applicable
14 rule that instead governs is that the mere failure to recognize the factual or legal basis for a
15 claim does not constitute cause for a procedural default. 477 U.S. at 535.

16       After the 2000 decision in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), and
17 even more so after the 2007 decision in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), it
18 hardly could be said that a constitutional challenge to a *Kazalyn* instruction was so novel that
19 its legal basis was not reasonably available to Luster. Petitioners were raising federal
20 constitutional claims based on *Byford* in this Court as early as March 2003, as well as raising
21 the underlying constitutional claim even prior to that in capital habeas litigation.[4] Petitioners
22 were raising such constitutional claims in the Supreme Court of Nevada even earlier than in

---

[4] *See, e.g., Christopher Williams v. James Schomig*, No. 2:03-cv-00298-RCJ-RJJ, #1, at 3-A (*pro se*
25 petition mailed March 12, 2003, by Byford's co-defendant); *Ruel Salva Mercado v. Jackie Crawford*, No. 3:02-
cv-00357-ECR-RAM, #12, at 62-63 (counseled amended petition filed on April 15, 2003, raising related claim
26 of ineffective assistance of appellate counsel based on *Byford*); *Barry Rowe v. State of Nevada*, No. 3:04-cv-
00444-PMP-VPC, #8, at 19-19A (*pro se* petition mailed August 16, 2004, raising claim based on *Byford*);
27 *Ronald Collins v. E.K. McDaniel*, No. 3:04-cv-00298-RCJ-VPC, #17, at 17-18 (counseled amended petition
filed on February 11, 2005); *see also Samuel Howard v. E.K. McDaniel*, No. 2:93-01209-LRH-VCF, #60, at
28 17-18 (raising claim in counseled capital habeas petition on January 27, 1997, three years before *Byford*).

this Court.[5]  It thus hardly could be said that a constitutional challenge to the giving of a *Kazalyn* instruction was so novel that its legal basis was not reasonably available to petitioner. Where the basis of a constitutional claim both is available and other litigants in fact have raised the claim, the failure of another petitioner to recognize and/or raise the claim cannot constitute cause for a procedural default.  *E.g., Engle v. Isaac*, 456 U.S. 107, 134 (1982).

Nothing in *Nika* prevented Luster from pursuing a constitutional challenge to the *Kazalyn* instruction at any time prior to December 31, 2008.  *Nika* extended, for purposes of the state supreme court's handling of the issue, *Byford* to cases that were not yet final at the time of *Byford*.  Yet the petitioner in *Polk* did not have to wait for *Nika* in order to raise a constitutional challenge to the *Kazalyn* instruction in his case, in spite of intervening adverse state supreme court authority applying *Byford* only purely prospectively.  Nor did the countless other litigants who raised constitutional challenges to *Kazalyn* charges well prior to December 31, 2008, have to wait for *Nika* to raise the claim.  The question is not whether subsequent legal developments made the litigant's task easier but instead is whether at the time of the default the claim was reasonably available at all.  *Smith*, 477 U.S. at 537.  Thus, even if *Nika arguendo* provided "clarity as to how, according to the Nevada Supreme Court, *Byford* was to have been applied," *Nika* clearly did not establish for the first time the prospect of a claim that theretofore was so novel that its legal basis was not reasonably available.

Petitioner therefore has not established cause to overcome the procedural default of Ground 4.  The Court accordingly has no occasion to consider whether he would be able to demonstrate prejudice.  Both cause and prejudice must be shown.  *Murray, supra.*

Ground 4 therefore will be dismissed with prejudice as procedurally defaulted.[6]

---

[5]*See, e.g., Bridges v. State*, 116 Nev. 752, 6 P.3d 1000 (2000)(constitutional challenge to *Kazalyn* charge raised in a capital appeal that had been pending before *Byford* was decided).

[6]Petitioner responds to respondents' motion as to amended Ground 4 on the basis that respondents are contending that Ground 4 is "time-barred," and petitioner argues the issue under state law authority applying N.R.S. 810.  To be clear, respondents did not seek dismissal on the basis that the claim is time-barred in *this* Court, which would be an issue addressed under 28 U.S.C. § 2244(d).  Respondents instead raised a defense that the claim was barred under the federal doctrine of procedural default because it was
(continued...)

-7-

***Housekeeping Detail: State Court Record Materials***

The Court has been endeavoring to bring the practice in habeas cases with a panel attorney regarding the filing of state court record exhibits in accord with the practice in cases with the Federal Public Defender.

When filing a counseled amended petition, the Federal Public Defender, as does the Attorney General with an answer in a *pro se* case: (a) files a largely chronological index of numbered exhibits, and then (b) identifies the specific docket entries and attachments in which those indexed exhibits are filed. See, e.g., No. 2:14-cv-00076-APG-CWH, ## 12-25; see also #81 in this matter. Anyone thereafter wishing to look at a particular exhibit in the record – whether counsel, this Court, or, importantly, a reviewing court – need only: (a) look at the index of exhibits if they do not already have the exhibit number, and then (b) go straight to the exhibit in the record, because it clearly has been identified on the face of the docket sheet where that numbered exhibit is located.

In the present case, in contrast: (a) the Court has been unable to locate a separately filed index of the exhibits referenced by petitioner in his pleadings; and (b) the state court record exhibits filed with sundry amended petitions are identified on the face of the electronic docket sheet with ambiguous designations such as "exhibit reporter transcript" that do not distinguish one exhibit from another. When the Court attempts to look at specific pages from a trial transcript – which are cited by petitioner by a particular date during the trial – it finds that the ambiguously labeled "exhibit reporter transcript" attachments on CM/ECF variously contain transcripts from various trial days in no particular apparent order, transcripts from other proceedings in the case, and/or items that are not transcripts at all. Moreover, judging by the handwriting on the exhibits, it does not appear that the record exhibits are from the

---

[6](...continued)
rejected in state court based on state court procedural bars. Whether petitioner can establish cause and prejudice to overcome a procedural default is a matter of *federal* law, not state law, which is decided under federal law authorities. Any issue otherwise regarding the correct application of Nevada state law is a matter over which the Supreme Court of Nevada has the final word. The state and federal standards in this context in any event are substantially similar. Petitioner's argument is without merit under either.

actual state court record as opposed to a litigation file. In other words, the exhibits filed by petitioner essentially are not usable by this Court and/or a reviewing court. The courts are left to go "fishing" blindly through essentially unmarked attachments looking for the cited record materials. Courts do actually look at what the record says rather than relying on what lawyers say the record says. The courts need to be able to readily find where specific state court record exhibits actually are in the federal record.

The state of petitioner's record exhibits of course is not attributable to petitioner's current counsel, who only fairly recently was substituted in as counsel.

Nor of course is it attributable to respondents.

The Court has reviewed the record over the course of the multiple successive counsel for petitioner in this case. It was unable to readily locate a specific directive to petitioner's prior attorneys outlining what arguably might be considered to be common sense steps for filing record exhibits on an electronic docketing system. So the responsibility perhaps ultimately lies with the Court.

The Court nonetheless needs to resolve this case as efficiently and promptly as it can. At this point, the most efficient and prompt manner to get the necessary state court record exhibits filed in a – usable – manner is for respondents to file supplemental state court record exhibits in substantially the same manner as they otherwise would in a *pro se* case. Whether that chore instead should be done adequately instead by a represented petitioner in this context will have to be a matter addressed another day in another case. As the Court noted, it has been endeavoring in more recent cases to have the panel attorneys file the state court record exhibits with the counseled amended petition in substantially the same manner as is followed by the Federal Public Defender. For this case, however, the Court needs to have a usable record in place promptly so that the case can be brought to a final resolution quickly and efficiently.

The Court accordingly will direct the filing of related state court record exhibits by respondents, as per the specific provisions *infra* in the disposition paragraphs of this order. At this juncture, respondents are in a better position than the only recently appointed

substitute panel attorney to promptly present the necessary additional state court record materials in a usable format.

IT THEREFORE IS ORDERED that respondents' motion (#141) to dismiss is GRANTED IN PART and that Ground 4 of the sixth amended petition (#123) is DISMISSED with prejudice as procedurally defaulted. The Court defers a final resolution of the procedural default defense raised as to amended Grounds 2 and 3 until the filing of an answer and reply addressing, on an adequate record, the allegations of ineffective assistance of appellate counsel relied upon to establish cause and prejudice.

IT FURTHER IS ORDERED that, within **forty-five (45) days** of entry of this order, respondents shall file an answer on the merits to the remaining claims in the sixth amended petition, including a detailed response addressing the cause allegations that appellate counsel was ineffective in failing to raise the claims in amended Grounds 2 and 3 on direct appeal.

IT FURTHER IS ORDERED that, along with the answer, respondents shall file a chronologically indexed set of supplemental state court record exhibits relevant to the remaining issues before the Court, picking up in the numbered sequence from the last indexed exhibit filed by respondents (apparently Ex. 35 in #81) and *disregarding* all prior *pro se* and/or counseled exhibits submitted by petitioner. That is, respondents need not duplicate any exhibits previously filed by respondents, but respondents shall not rely upon the sundry exhibits scattered throughout the record by petitioner and his counsel as satisfying a need to file a copy of a particular relevant state court record exhibit. The exhibits and exhibit attachments further shall be identified on the electronic docket in substantially the customary manner followed by the Attorney General reflected by, *e.g.*, respondents' prior filing in #81. The relevant state court record exhibits include, but are not necessarily limited to: **(a)** the state district court minutes; **(b)** the transcript, if previously transcribed, and all written submissions by the defense and prosecution in the original criminal proceeding related to the suppression hearing referred to in amended Ground 1(a); **(c)** the trial transcripts, to the extent previously transcribed, *excluding* any voir dire transcripts except to the extent that a particular portion of a transcript contains relevant discussion between the court and counsel regarding a matter

1  at issue in the current petition; and **(d)** the transcripts, to the extent previously transcribed,
2  from the April 27, 2005, and May 4, 2005, state post-conviction evidentiary hearing dates.
3       IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all
4  exhibits filed to, for this case, the **Las Vegas Clerk's Office**.
5       IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of
6  the answer to file a reply.
7       **No extensions of time will be granted except in extraordinary circumstances.**
8  **Any scheduling conflicts with deadlines in other cases in this District should be**
9  **resolved in favor of the earlier-filed case, based upon the initial March 22, 2004, filing**
10 **date of this action, such that any necessary extensions of time should be sought**
11 **expeditiously in the later-filed case.  Any request for extension of time based on a**
12 **scheduling conflict with other matters in this District that does not address the**
13 **requirements of this order will be denied.**[7]
14      DATED: March 7, 2914.

                                        _____
                                        ROGER L. HUNT
                                        United States District Judge

---

[7] This proviso does not constitute a reflection on either counsel.  The Court simply is seeking to posture this matter for a final resolution as promptly as possible given the Court's own time and resource constraints.

-11-